IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EARL BRADLEY, | § | |
| | § | |
| Defendant Below, | § | No. 221, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0912011155 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 1, 2017
Decided: January 16, 2018

Before **STRINE,** Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 16th day of January 2018, after careful consideration of the parties'
briefs, the record below, and the appellant's motion for decision *en banc*, we first
conclude that the motion for decision *en banc* should be denied. None of the criteria
set forth in Supreme Court Internal Operating Procedure X for determination *en banc*
apply here.[1] We next conclude that the Superior Court's summary dismissal of the
appellant's second motion for postconviction relief and denial of the appellant's

---

[1] Supreme Court Internal Operating Procedure X provides the Chief Justice may order any matter
for determination *en banc* upon the briefs or oral argument. Determination *en banc* is required in
the following circumstances: (i) direct appeals and motions for postconviction relief in death
penalty cases; (ii) when a panel of the Court indicates possible disagreement; (iii) when there is a
reasonable likelihood a previous decision of the Court may be modified or overruled; (iv) when
approved by two justices; and (v) when required by Court rule or by two-thirds vote of the General
Assembly.

motion for judicial recusal should be affirmed on the basis of, and for the reasons in, the Superior Court's well-reasoned order dated May 18, 2017.[2] Contrary to the appellant's contentions, his ineffective assistance of postconviction counsel claims were subject to the requirements of Superior Court Criminal Rule 61(d)(2).[3]

NOW, THEREFORE, IT IS ORDERED that motion for decision *en banc* is DENIED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *State v. Bradley*, 2017 WL 2209896 (Del. May 18, 2017).
[3] *See Durham v. State*, 2017 WL 5450746, at *2 (Del. Nov. 13, 2017) (holding the appellant had to satisfy the requirements of Rule 61(d)(2) to avoid summary dismissal of his second postconviction motion, even if he did not have a previous opportunity to raise his ineffective assistance of postconviction counsel claims).